**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MONSUR KAYODE RUFAI, | No. 13-70847 |
| Petitioner, | |
| v. | Agency No. A029-455-965 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Monsur Kayode Rufai, a native and citizen of Nigeria, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen to apply for asylum, withholding of removal and relief under the

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Rufai's motion to reopen for failure to establish a prima facie case for asylum, withholding and relief under the CAT, where Rufai did not establish that the Nigerian government would be unable or unwilling to protect him, *see Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010) (an applicant for asylum and withholding of removal bears the burden of establishing that the government would be unwilling or unable to prevent his persecution), or that he cannot safely relocate to another region of Nigera, *see Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006) ("[T]o be eligible for relief under the Convention Against Torture, [an applicant] bears the burden of proving he would be unable to live elsewhere in the country safely." (citation and internal quotation marks omitted)).

Contrary to Rufai's contention, the BIA elaborated its conclusions in sufficient detail in denying his motion to reopen. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[The BIA] does not have to write an exegesis on every contention. What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to

13-70847

perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)).

In light of this disposition, we do not reach Rufai's remaining contentions.

**PETITION FOR REVIEW DENIED.**